# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| United States ex rel. ) | CASE NO. 4:01 CV 634 |
| TINA MARIE GONTER and ) | |
| CHARLES WILLIAM GONTER, ) | |
| bringing this action on ) | JUDGE DAN AARON POLSTER |
| behalf of the United States ) | |
| of America, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Plaintiffs and Relators, ) | **AND ORDER** |
| ) | |
| vs. ) | |
| ) | |
| **GENERAL DYNAMICS, MARINE** ) | |
| **SYSTEMS DIVISION, ELECTRIC** ) | |
| **BOAT, et al.,** ) | |
| ) | |
| Defendants. ) | |

Before the Court is the Motion to Stay Execution of the Attorneys' Fees Judgment Pending Appeal (the "Motion") filed jointly by General Dynamics Marine Systems Division Electric Boat and Northrup Grumman Newport News (collectively the "Shipbuilders"). **(ECF No. 113.)** For the following reasons, the Motion is **DENIED**.

## I. PROCEDURAL BACKGROUND

Helmer, Martins, Rice & Popham Co., L.P.A. ("HMRP") represented Relators from 2001 through March 25, 2005. In January 2005, attorneys Frederick Morgan and Jennifer Verkamp and paralegal Mary Jones left HMRP and joined the law firm Volkema Thomas lpa. Morgan and Verkamp, with the assistance of Jones, continued their representation of Relators in

their qui tam action against subcontractor Hunt Valve Co., Inc. and a number of contractors to the U.S. Navy.  In the spring of 2005, the Court mediated a settlement with Hunt Valve.  The Court engaged the remaining parties in extensive mediation efforts, which ultimately produced a $13.2 million settlement, the outlines of which were agreed to in the fall of 2005, and which was finalized in March, 2006.  The Relators' share of the settlement is 29%.

On December 23, 2005, HMRP filed a motion for an award of attorneys' fees and expenses.  (ECF No. 80.)  The Court struck the petition as premature on the grounds that a final judgment had not yet been entered.  (ECF No. 84.)  After the case was settled and dismissed, HMRP re-filed its fee petition.[1]  (ECF No. 97.)  In the fee petition, HMRP argued that it was owed $2,758,748.12 in attorney fees and $124,498.29 in reimbursable expenses, totaling $2,883,246.41, plus interest on the total amount from the March 21, 2006 final judgment date.  (See ECF No. 104, 2.)  The Shipbuilders conceded that they owed fees and expenses to HMRP, but contended that the numbers were lower; $1,019,953.71 in attorney fees and $90,836.14 in expenses, for a total of $1,110,789.85.  (See id. 3.)  The Court considered the arguments, and in an order issued August 15, 2006 awarded HMRP $1,749,245.80 in attorney fees and $122,500.60 in reimbursable expenses, plus interest on the total amount of $1,871,746.40 from March 21, 2006.[2]  (Id. 6-7.)  One week later, HMRP filed a notice of appeal with the Sixth

---

[1]The figures contained in the December, 2005 petition are virtually identical to those contained in the 2006 petition, with the following exception:  the 2006 petition deducts $2,380 from the lodestar amount that was mistakenly included.  *Fee Petition* at 2 n.2.

[2]For a detailed discussion of how the Court arrived at the final figures, see the Court's Memorandum of Opinion and Order, ECF No. 104.

Circuit (ECF No. 105), and the Shipbuilders cross-appealed shortly thereafter, on September 11 and 12, 2006 (ECF Nos. 108, 110).

On November 22, 2006, the Shipbuilders filed the instant Motion. (ECF No. 113.) The Shipbuilders seek a stay of execution of the final judgment in light of the pending appeal. (Id.) Moreover, the Shipbuilders request that the Court stay execution of the judgment without requiring the Shipbuilders to file a supersedeas bond, as ordinarily required by the plain language of F.R. Civ. P. Rule 62(d). (Id.) HMRP filed an opposing brief (ECF No. 114), to which the Shipbuilders replied (ECF No.115).

## II. DISCUSSION

### A. The Unsecured Stay

The Shipbuilders primarily argue that because HMRP appealed as a prevailing party, the Shipbuilders' cross-appeal does not make the Shipbuilders "appellants" under the language of Rule 62(d)[3] and therefore the Shipbuilders need not give a supersedeas bond to stay the Court's judgment. (See ECF Nos. 113; 115.) Shipbuilders also contend that a bond is not necessary in this case because there is no risk that Shipbuilders will not be able to satisfy the final judgment after all appeals are resolved. (Id.) Shipbuilders, however, are mistaken.

Shipbuilders argue that they are "cross-appellants," not "appellants" within the terms of Rule 62(d), and therefore Rule 62(d) does not apply to them. Neither the Shipbuilders nor HMRP cited any controlling Sixth Circuit authority on point, nor did the Court's research

---

[3]**Rule 62(d) Stay Upon Appeal.** When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the Court.

3

uncover any Sixth Circuit cases on point. The Shipbuilders cite *Tennessee Valley Authority v. Atlas Machine & Iron Works, Inc.*, a Fourth Circuit case from 1986, for the proposition that an appeal by the prevailing party suspends the judgment execution, and thereby relieves the judgment debtor from filing a supersedeas bond on its own cross-appeal. *See TVA*, 803 F.2d at 797. In the absence of binding Sixth Circuit authority on point, however, the Court finds more recent – and contrary – case law compelling. As explained by Judge Posner:

> [T]he filing of an appeal by the prevailing party does not stay the judgment in his favor unless he is seeking to change the form of the relief that he obtained in the district court (for example, from damages to specific performance) rather than . . . merely seeking more of the same.

*Carter v. United States*, 333 F.3d 791, 793 (7th Cir. 2003) (citing *BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 616-17 (7th Cir. 1992) (Rule 62(d) "requires a bond as a condition of a money judgment during appeal"); *Trustmark Ins. Co. v. Gallucci*, 193 F.3d 558, 558-59 (1st Cir. 1999) (per curiam); *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 464 n. 3 (5th Cir. 1990)).

In *Gallucci*, the First Circuit considered the *TVA* court's analysis, but instead adopted the Seventh Circuit's reasoning in *BASF Corp.*, wherein the court explained that a "prevailing party's appeal suspends enforcement of the judgment only when the theory of the appeal is inconsistent with enforcement in the interim." *Gallucci*, 193 F.3d at 559 (quoting *BASF Corp.*, 979 F.2d at 617). The *Gallucci* court faced almost identical circumstances to those presented in the instant Motion; a prevailing party appealed seeking a higher judgment, the losing party cross-appealed and sought a stay on execution of the judgment without filing a supersedeas bond. The court concluded that the prevailing party's appeal, "which seeks to increase the amount of the judgment, is not inconsistent with immediate enforcement of the judgment as it now stands." *Gallucci*, 193 F.3d at 559. The *Gallucci* court did not consider

whether the district court could grant the cross-appellant an unsecured stay.  Critically, however, the court held that the cross-appellant would "ordinarily . . . be required to post a supersedeas bond if he wants execution of the judgment stayed pending his appeal." *Id.*

Here, although HMRP – a "prevailing party" – appealed first, the fact remains that Shipbuilders appealed as well.  Moreover, assuming HMRP appealed seeking a higher money judgment than that awarded by the Court,[4] HMRP's appeal did not stay the Court's judgment under the line of cases Judge Posner cited approvingly in *Carter*; the appeal for attorney fees and expenses in excess of that awarded by the Court is not inconsistent with immediate enforcement of the Court's judgment.  Thus, only the Shipbuilders' appeal potentially stayed the judgment, provided the Shipbuilders are entitled to a stay by right (by filing a supersedeas bond) or, at the Court's discretion, deserving of an unsecured stay.  Therefore, the Court finds that the Shipbuilders' status as "cross-appellants" does not take them outside the bounds of Rule 62(d) governing "appellants."

Furthermore, the Shipbuilders' plain ability to pay the total judgment does not entitle the Shipbuilders to an unsecured stay.  Whether to grant a stay without also mandating a supersedeas bond is at the Court's discretion.  *See Arban v. West Publishing Corp.*, 345 F.3d 390, 409 (6th Cir. 2003).  One instance in which a district court may exercise its discretion to grant an unsecured stay arises when the moving party demonstrates that its ability to pay the judgment is so plain that the cost of bond would be a waste of money.  *See, e.g.*, *Arban*, 345 F.3d

---

[4]HMRP's Sixth Circuit brief is not due until January 30, 2007, while the Shipbuilders' Sixth Circuit brief is not due until March 5, 2007.  Accordingly, the Court can only assume, without definitive proof, that HMRP seeks a higher attorney fees and expenses recovery than that awarded by the Court.

at 409 (quoting *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)).  It does not follow, however, that courts <u>must</u> grant an unsecured stay when the movant clearly can pay the judgment.  To so conclude would obliterate Rule 62(d)'s dual protection functions; Rule 62(d) not only establishes the appellant's right to a stay, but also the appellee's right to have a bond posted securing the stay.  *Hamlin v. Charter Township of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998).

The Court takes additional guidance on this issue from the *Hamlin* opinion, in which the district court squarely addressed the question of whether a judgment debtor's plain ability to pay the judgment automatically entitles that judgment debtor to an unsecured stay.  *Hamlin*, 181 F.R.D. at 353 (E.D. Mich. 1998).  The *Hamlin* court concluded that the movant seeking an unsecured stay bears the burden to demonstrate "extraordinary circumstances" which would justify waiving the ordinary bond requirement.  *Id.* at 353-54.  The movant in *Hamlin* argued that it had readily available funds to satisfy the judgment, but the court held that merely having sufficient funds to pay the judgment was not enough to overcome Rule 62(d)'s dual protective role and justify waiving the supersedeas bond.  *Id.*

Here, the Court acknowledges the Shipbuilders' ability to pay the total judgment, based on the financial information provided in their Motion.  (ECF No. 113, 3-4.)  The Court's discretion to grant an unsecured stay based on Shipbuilders' clear ability to pay is distinctly different, however, than a requirement that the Court do so.  Like the movant in *Hamlin*, Shipbuilders are not entitled to an unsecured stay by right simply because they have immense financial resources.  The holding in *Arban* does not mandate that a wealthy movant is <u>entitled</u> to an unsecured stay, only that a movant's financial stability is one element a district court may

6

consider in deciding whether to grant an unsecured stay. Accordingly, the Court exercises its discretion to deny the Shipbuilders' request for a stay without any bond payment.

### B. Order on Partial Execution of Judgment

There is a practical solution for this petty dispute over a supersedeas bond, which neither side suggested. The Shipbuilders should simply pay HMRP the amount of the judgment that is not in dispute, which is approximately 60% of the amount ordered by the Court in its August 15, 2006 order ($1,019,953.71 in attorney fees and $90,836.14 in reimbursable expenses, for a total payment of $1,110,789.85, plus interest calculated from March 21, 2006 to the date of payment). This figure reflects an amount that is not in dispute; during the fee petition litigation before this Court, the Shipbuilders conceded that they owe at least that much to HMRP. If the Shipbuilders pay this amount to HMRP, the Court will exercise its discretion to grant a stay and not order the Shipbuilders to post a bond for the balance.[5]

Of course, "Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban*, 345 F.3d at 409 (citing *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980)) (emphasis added). Therefore, if the Shipbuilders wish to avoid executing the partial judgment as ordered herein, they may choose to pay a supersedeas bond, which the Court must approve as satisfactory. The Court finds that a satisfactory amount here is the same amount the Court ordered the Shipbuilders to pay in its August 15, 2006 order: $1,871,746.40, plus interest on that amount from March 21, 2006. If the Shipbuilders provide a supersedeas bond for the approved

---

[5]After payment to HMRP pursuant to the instant Order, Shipbuilders remain liable for $760,956.55 plus interest from March 21, 2006 pursuant to the Court's August 15, 2006 Order.

amount, execution of the Court's judgment is automatically stayed.  The Shipbuilders shall either comply with the partial judgment execution order or pay an approved supersedeas bond no later than Friday, January 12, 2007.

### III.  CONCLUSION

Accordingly, the Motion to Stay Execution of the Attorneys' Fees Judgment Pending Appeal **(ECF No. 113)** is therefore **DENIED**, and Shipbuilders are hereby ordered to partially execute the Court's previous money judgment in favor of HMRP, or to post a supersedeas bond.

**IT IS SO ORDERED.**

/s/  *Dan Aaron Polster     December 21, 2006*
**Dan Aaron Polster**
**United States District Judge**